IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES,

    Plaintiff,

v.  NO. 09-CR-3458 WJ

REEHAHLIO CARROLL,

    Defendant.

## MEMORANDUM OPINION AND ORDER REGARDING PROPOSED EXPERT TESTIMONY OF DEFENSE EXPERT DR. SAMUEL ROLL

THIS MATTER comes before the Court on the United States' Motion to Exclude Expert Testimony of Samuel Roll, Ph.D., P.A. (doc. 104) filed November 22, 2011, and Defendant Reehahlio Carroll's Motion to Admit Testimony of Dr. Samuel Roll for the Purpose of Evaluating the Evidence on Mr. Carroll's Post-Arrest Custodial Interrogation (**doc. 130**), filed April 10, 2012.  In a hearing before the Court on March 27, 2012, the Court granted the United States' Motion to exclude Dr. Roll's expert testimony on the record, because the proffered subject matter of Dr. Roll's testimony, Defendant's mental state during the alleged commission of murder, was irrelevant to the case because the charged crime, felony murder, does not include as an element the mental state ordinarily associated with murder.  (*See* doc. 138.)  Thereafter, Defendant filed his current motion, proposing a new subject upon which he would offer Dr. Roll's testimony: the nature and circumstances of Defendant's statements during his post-arrest custodial interrogation.  After consideration of the parties' arguments and the controlling legal precedent, the Court holds that Defendant's motion is not well taken and shall hereby be **DENIED**.

**DISCUSSION**

Defendant seeks to admit Dr. Roll's testimony on the nature and circumstances of Defendant's statements during his post-arrest custodial interrogation, in order to assist the jury in evaluating Defendant's statements in the video interrogation by giving them the requisite information needed to fully understand Mr. Carroll's state of mind and the circumstances surrounding his statements.

The testimony Defendant seeks to admit falls within two different analyses. Defendant appears to be attempting to elicit expert testimony from Dr. Roll on the credibility of Defendant's confession. Also, Defendant appears to be attempting to elicit lay testimony from Dr. Roll on the factual circumstances of Defendant's life. These two types of testimony are subject to differing analyses, and will be addressed in turn.

**I.      Expert Opinion Testimony on Credibility of Confession**

The admissibility of expert testimony is governed by Federal Rule of Evidence 702. Under 702, a court must "determine whether the expert is proposing to testify to (1) scientific, technical, or other specialized knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." *U.S. v. Muldrow*, 19 F.3d 1332, 1337 (10th Cir. 1994).

> In performing this gatekeeper role, the judge must assess the reasoning and methodology underlying the expert's opinion, then determine whether it is scientifically valid and applicable to a particular set of facts. A trial judge conducting review under *Daubert* must seek to ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable. This principle applies not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge. Scientifically reliable evidence and testimony may be excluded where it is not directly relevant to the particular matter disputed at trial, and would not therefore assist the trier of fact as required by Rule 702.

*U.S. v. Benally*, 541 F.3d 990, 994 (10th Cir. 2008) (internal citations and quotations omitted).

Ordinarily, the credibility of a witness is within the province of jury, and therefore expert

opinion with regard to that credibility would not "assist the trier of fact." *U.S. v. Adams*, 271 F.3d 1236, 1245 (10th Cir. 2001). Nevertheless, while "the credibility of witnesses is generally not an appropriate subject for expert testimony," a court "may not categorically exclude all expert testimony of this variety." *Benally*, 541 F.3d at 994 (internal quotation omitted). In fact, courts have recognized a situation in which such expert testimony is permissible. In both *United States v. Hall*, 93 F.3d 1337 (7th Cir.1996) and *United States v. Shay*, 57 F.3d 126 (1st Cir. 1995), the courts held that experts were permitted to testify as to the credibility of defendants' confessions. Discussing those cases, the Tenth Circuit has defined the scope of this apparent exception to the general rule:

> [Hall and Shay] stand only for the proposition that expert testimony regarding the voluntariness of a confession is admissible when the expert will testify to the existence of the defendant's identifiable medical disorder that raises a question regarding the defendant's cognitive voluntariness. . . . Mr. Benally's confession differs from the confessions in *Hall* and *Shay* because he does not identify a medical condition that contributed to his decision to confess.

*Benally*, 541 F.3d at 996. In other words, an expert opinion regarding the credibility of a defendant's confession only assists the jury if it involves specialized knowledge that "social scientists and psychologists have identified a personality disorder that will cause individuals to make false confessions," and that the defendant possesses that personality disorder. *Hall*, 93 F.3d at 1345 (7th Cir. 1996).

Defendant has not provided any intended testimony by Dr. Roll that Defendant suffers from an "identifiable mental disorder that raises a question regarding the defendant's cognitive voluntariness." In fact, Dr. Roll's report indicates only that Defendant does not suffer from any mental disorders that would interfere with his ability to stand trial. Without such testimony, *Hall* and *Shay* are inapposite, and expert testimony by Dr. Roll on the credibility of Defendant's confession is inadmissible under Rule 702.

## II.     Lay Witness Testimony by Dr. Roll

Defendant proffers Dr. Roll's testimony for the purpose of giving the jury the requisite information needed to fully understand Mr. Carroll's state of mind and the circumstances surrounding his statements.  While not explicitly stated, the Court understands this to mean at least in part that Defendant wishes Dr. Roll to tell the jury facts about Defendant's past, development, struggles with substance abuse, etc.  The Court deduces this from the fact that Dr. Roll's report largely features these facts, with no apparent conclusions drawn from them other than conclusions regarding Defendant's ability to stand trial.  Therefore, to the extent that Defendant desires Dr. Roll to testify to these facts, rather than to conclusions made upon them, the Court considers Defendant to be offering Dr. Roll as an ordinary lay fact witness.

A plethora of evidentiary rules arise to prevent such testimony.  First among them is Rule 602, which reads: "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."  No such evidence seems to be forthcoming as to Dr. Roll.  Additionally, because from the "basis of opinion" section of Dr. Roll's report it appears that he learned the information included in the report from various interviews or review of various documents, Fed. R. Evid. 802 would prohibit the admission of such testimony as hearsay.

Of final note, Fed. R. Evid. 701 states that: "If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."  To the extent that Defendant offers Dr. Roll's opinion as a lay opinion, the Court notes that any opinion that Dr. Roll might draw from the information included in his report

is either based on specialized knowledge in contravention of Rule 701, or unhelpful to the jury, for the precise reasons discussed in the previous section with regard to testimony on the credibility of witnesses.

## CONCLUSION

Therefore, because Defendant has not provided any permissible basis for the admission of Dr. Roll's testimony either as an expert or lay witness, and Defendant's Motion to Admit the Testimony of Dr. Samual Roll for the Purpose of Assisting the Jury in Evaluating the Evidence on his Post-Arrest Custodial Interrogation is hereby **DENIED**.

**SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE