**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES,

    Plaintiff,

v.                                            NO. 09-CR-3458 WJ

REEHAHLIO CARROLL,

    Defendant.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTION IN LIMINE TO EXCLUDE EVIDENCE OF VICTIM'S STATUS**

THIS MATTER comes before the Court on Defendant's Motion in Limine (doc. 143), filed May 17, 2012. Defendant seeks to exclude any evidence that the victim, Sister Marguerite Bartz is a Roman Catholic nun. Defendant argues that any such evidence is irrelevant, having no probative value to any facts of consequence in the case, and that such evidence would be unfairly prejudicial to Defendant. Therefore he argues that the evidence should be excluded under Fed. R. Evid. 401, 402, and 403.

**DISCUSSION**

**I.**     **Relevance of the Evidence**

Fed. R. Evid. 401 states that evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." According to the Government's theory of the case, Sister Bartz was known as a nun, and lived in what served as a cloister for herself and two of her fellow nuns, in a small complex which included the Saint Berard Catholic Church, the church serving the area, as well as a residence for the pastor of the church. The church was deep in the reservation, and

Sister Bartz provided outreach, counseling, and other missionary work to the inhabitants of the reservation. Defendant is charged with burglarizing the church and the dwelling of the parish priest just over a month before Sister Bartz's murder. The Defendant's girlfriend and grandfather both lived in the vicinity of the Saint Berard Catholic Church complex, and it is commonly known that churches generate revenue by taking weekly collections, often of cash, as well as other fund-raising activities. According to the Government's theory, Defendant anticipated that there would be cash at the church, was familiar with its layout, and anticipated that it would be vulnerable to robbery. Therefore, the fact that the crimes took place at a Catholic church complex, and the fact that the residents of the complex were a priest and three nuns, all are relevant to ultimate facts in the case such as Defendant's mental state in committing burglary, Defendant's motive, Defendant's opportunity, etc. Therefore, under Fed. R. Evid. 401 and 402, evidence that Sister Bartz was a Catholic nun is relevant and thus admissible, absent any other reason under the rules of evidence to exclude it.

## II.     Danger of Prejudice

Fed. R. Evid. 403 states that the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, [or] confusing the issues."

> In the Rule 403 context . . . evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocense of the crime charged. Even if this type of prejudice is found, it must substantially outweigh the probative value of the evidence in order to be excluded under Rule 403.

*U.S. v. Tan*, 254 F.3d 1204, 1211-12 (10th Cir. 2001) (internal quotations and citations omitted).

Defendant argues that the fact that the victim was a Catholic nun would inflame the passions of the jury, thus creating unfair prejudice to Defendant. Therefore, the Defendant

requests that any evidence, including photographs, objects, or references, which would disclose that Sister Bartz was a nun, be excluded.

Evidence that Sister Bartz was a Catholic nun does not cause such danger of unfair prejudice or confusion of the issues that it would substantially outweigh the probative value of that evidence.  According to the United States, Defendant had marked the church as an easy target precisely because it had a known flow of cash and was inhabited only by a priest and three nuns, and that Defendant was familiar enough with the church complex to know that on the night of Sister Bartz's death he was breaking into the convent.  Such evidence goes to the heart of the Government's theory of the case.  That being so, any vague risk that the jury would be inflamed because a nun was killed is not so concrete, immediate, and sure as to substantially outweigh the probative value of such a central fact.

Additionally, the difficulty and prejudice to the Government that would be involved in excluding any evidence disclosing that Sister Bartz was a nun is staggering.  Virtually every fact in the case—from the identities of the other residents of the complex and the way in which the community knew Sister Bartz, to the very location of the murder—suggests that Sister Bartz was a Catholic nun.  If the Court were to exclude such evidence, the contours of the exclusion would be difficult in the extreme to delineate, and the danger of unintentional disclosure to the jury would be high.  The Government's case would be hamstrung by large and obvious gaps in the evidence.  As the United States Supreme Court stated in *Old Chief v. United States*, 519 U.S. 172, 189 (1997), "[p]eople who hear a story interrupted by gaps of abstraction may be puzzled at the missing chapters, and jurors asked to rest a momentous decision on the story's truth can feel put upon at being asked to take responsibility knowing that more could be said than they have heard."  While exclusion of evidence is sometimes the right course of action, in the present case

exclusion of evidence is neither feasible nor warranted, especially considering that "exclusion under [Fed. R. Evid. 403] is 'an extraordinary remedy [that] should be used sparingly.'" *U.S. v. Irving*, 665 F.3d 1184, 1213 (10th Cir. 2011) cert. denied, 132 S. Ct. 1873 (U.S. 2012) (quoting *United States v. Rodriguez*, 192 F.3d 946, 949 (10th Cir. 1999)).  Though the Court is willing to consider the propriety of other methods of guarding against prejudice, if any, to Defendant at the proper time, broad exclusion is not the proper remedy.

Accordingly, Defendant's Motion in Limine regarding evidence that Sister Bartz is a Catholic nun is hereby DENIED.

**SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE