**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                  CRIMINAL NO. 09-3458-WJ

REEHAHLIO CARROLL,

      Defendant.

**SEALED ORDER REGARDING DISCLOSURE OF INFORMATION**

THIS MATTER comes before the Court upon the Government's *Ex Parte* Disclosure of Information Regarding a United States Witness, filed May 18, 2012 **(Doc. 144)**, and the Government's Supplemental *Ex Parte Disclosure of Information Regarding United States Witness*, filed May 24, 2012 **(Doc. 154).**[1]  The Government requests that the Court determine whether certain information is material and therefore subject to disclosure to Defendant.

In certain situations, *ex parte* communication in regards to the United States' duty to disclose are proper.  *See United States v. Napue*, 834 F.2d 1311, 1317 (7th Cir. 1987) (*Ex parte* proceedings in regards to the Government's duty to disclose are generally disfavored, but may become appropriate where an adversarial proceeding would defeat the purpose of the *ex parte* communication under Fed.R.Crim.P. 16(d)).  For example, situations where there is reason to believe that a witness would be subject to physical or economic harm if his identity is released, *see Will v. United States*, 389 U.S. 90 (1967), or situations where classified information can be deleted pursuant to court order from an otherwise discoverable document, *see United States v.*

---

[1] Defendant's response was due Friday, May 25, 2012 (see Doc. 121 at 2), but no response has been filed.

*Mejia*, 448 F.3d 436, 455 (D.C. Cir. 2006).  However, the Court is not currently confronted with a situation which belongs to any of these categories in which *ex parte* communication would be appropriate under the Federal Rule of Criminal Procedure 16(d)(1).  Therefore, the Government must make this determination itself, absent what amounts to an *ex parte* advisory opinion of this Court.

    Accordingly, the motion is DENIED.

_____
UNITED STATES DISTRICT JUDGE