IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                      CRIMINAL NO. 09-3458-WJ

REEHAHLIO CARROLL,

      Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART THE GOVERNMENT'S MOTION IN
LIMINE TO PREVENT DEFENDANT FROM ELICITING HEARSAY EVIDENCE
REGARDING COMPETENCY AND OTHER DEVELOPMENT ISSUES**

THIS MATTER comes before the Court upon the Government's Motion in Limine to Prevent Defendant from Eliciting Hearsay Evidence Regarding Competency and Other Developmental Issues, filed May 21, 2012 (**Doc. 151**).[1] Having considered the parties' briefs and the applicable law, I find that the motion is well-taken with regard to evidence regarding Defendant's mental state and credibility, but not well-taken with regard to testimony on Defendant's past.

First, the motion must be put in proper context. The Court recently made rulings regarding testimony by Dr. Sam Roll, the proposed defense expert. The Court precluded Dr. Roll's testimony on Defendant's mental state during the alleged commission of murder, finding that this testimony was irrelevant to the case because the charged crime, felony murder, does not include as an element the mental state ordinarily associated with murder (*see* Doc. 138). The Court also precluded testimony on the credibility of Defendant's confession was inadmissible

---

[1] Defendant's response was due Friday, May 25, 2012 (see Doc. 121 at 2), but no response has been filed.

because Roll's report indicates no identifiable mental disorder that raises a question regarding Defendant's cognitive voluntariness.  Doc. 139 at 3.  Finally, the Court ruled that Dr. Roll's testimony regarding Defendant's past and struggles with substance abuse is inadmissible under Fed.R.Evid. 701 because there is no evidence that Dr. Roll has any personal knowledge of Defendant's past. Doc. 139 at 4.

In the instant motion, the Government contends that the potential exists that the Defendant would ask lay witnesses or law enforcement officers questions concerning competency, mental health issues, and Defendant's difficult past.  The Government thus seeks to preclude any testimony on these subject areas.

The Court agrees with the Government as to any lay testimony regarding Defendant's mental state and credibility.  The lack of relevance of Defendant's mental state would apply to such testimony by lay witnesses as well as by Dr. Roll.  Similarly, the Court's ruling on Defendant's credibility would apply to testimony by lay witnesses as well, since lay witnesses could not testify as to mental defect (and there has been no evidence of mental defect which would affect the voluntariness of Defendant's confession).

However, the Court is not inclined to impose a blanket prohibition on any testimony which bears on Defendant's past, his development, and struggles with substance abuse.  The Court's ruling in this area was based on Dr. Roll's lack of personal knowledge, not on the substance of such testimony.  Therefore, any ruling on the admissibility of such evidence depends upon a showing of relevance and admissibility at trial, and the Court will therefore reserve ruling pending such a showing at the proper time, rather than imposing a blanket prohibition in a vacuum.  Accordingly, the Government's Motion in Limine to Prevent Defendant from Eliciting Hearsay Evidence Regarding Competency and Other Developmental

Issues is hereby Granted in part and Denied in part.

**SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE