# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

      v.                                                                                    Crim. No. 09-3458 WJ

REEHAHLIO CARROLL,

      Defendant.

### MEMORANDUM OPINION AND ORDER
### DENYING DEFENDANT'S PRO SE MOTION
### FOR DIRECT RESTITUTION PAYMENTS TO THE COURT

THIS MATTER comes before the Court upon Defendant's Pro Se Motion for Direct Restitution Payments to the Court, filed February 22, 2022 **(Doc. 224).** Having reviewed the parties' briefs and applicable law, the Court finds that Defendant's motion is not well-taken and will be denied.

### BACKGROUND

On April 5, 2013, Defendant pled guilty to Second Degree Murder, Crime in Indian Country, in violation of 18 U.S.C. §1153 and §1111. Doc. 212. He was sentenced to a term of 480 months and ordered to pay restitution in the amount of $8,992.25. Doc. 219 at 5; *see* 18 U.S.C. §§3611-3614.

Defendant states that he has complied with his restitution obligations by making quarterly payments through the Inmate Financial Restitution Payments ("I.F.R.P.") program, in which payments were deducted from his inmate account by the Bureau of Prisons ("BOP") and then

directly forwarded to the Court.[1]  He claims that based on his recent reviews of court records,

his remaining restitution balance is "grossly incompatible [sic] to the amount previously paid"

toward restitution.  Doc. 224 at 1.  He now wants to make direct payments to the Court in the

amount of $100.00 every three months, and is requesting that the Clerk of Court mail him a

receipt and updated "remaining amount owed" statement.  He also requests that the Clerk mark

"Legal Mail" on the front of the envelope containing the requested receipt and restitution

balance.

The Government takes issue with the motion, noting that while a district court has

authority to order a defendant's restitution, it appears to have no role in how a defendant pays

down that restitution.  As the Government explains, the IFRP protocol is an internal program run

by BOP and it is an elective, voluntary program either chosen by the Defendant or refused by the

Defendant:

> As an inmate, a defendant can voluntarily choose to make restitution payments
> either pursuant to the IFRP program under 28 C.F.R. §545.10, or independently.
> If Mr. Carroll elects to participate in the IFRP program, payments are usually
> made to the District Court on either a monthly or quarterly schedule.  In the IFRP
> scenario, a six-month formula is used whereby the Bureau of Prisons staff
> calculates an inmate trust fund account from which IFRP payments and $450.00
> for phone allowance is subtracted.  If an inmate decides not to participate in the
> IFRP, he is placed in an IFRP refusal status. If the Defendant opts out of IFRP
> and proceeds with making restitution payments independently to the District
> Court, he forfeits the benefits of being associated with IFRP status and faces
> negative consequences which may include poor classification, reduction of
> commissary privileges to $25.00 a month, diminished work advantages and
> housing restrictions.

Doc. 226 at 1-2.  There appears to be no point in the process in which the Court becomes

involved in that process.

---

[1] The IFRP program resulted from the Victim and Witness Protection Act of 1982, the Victims of Crime Act of 1984, the Comprehensive Crime Control of 1987, and the Federal Debt Collection Procedures Act of 1990.

The Government's position is well-taken.  If Mr. Carroll wishes to opt out of the voluntary IFRP program he can elect to do so, taking the steps necessary to inform BOP of this decision so that he can then manage the prospective associated inmate related consequences.   Also, before making that decision, the Court would strongly advise Mr. Carroll to contact the Financial Department at the Court in order to learn about the direct payment process so that he has accurate expectations about how it works and also so that he can have all the information necessary to comply with his obligations under that process.

**THEREFORE,**

Defendant's Pro Se Motion for Direct Restitution Payments to the Court **(Doc. 224)** is hereby DENIED for reasons stated above.

_____

WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE